UNITED STATES of America,
Appellee,

v.

Ricardo ANDRADES, also known as Rafael Noriega, also known as Ricardo Vivar, also known as Ramiro Attiaga, Also known as Andrades Ricardo, Defendant–Appellant.

No. 07–2677–cr.

United States Court of Appeals,
Second Circuit.

Sept. 2, 2008.

Yuanchung Lee, Federal Defenders of New York, Inc., New York, NY, for Appellant.

Michael J. Garcia, United States Attorney, on the brief, Sharon E. Frase, Katherine Polk Failla, Assistant United States Attorneys, of counsel, United States Attorney's Office for the Southern District of New York, New York, NY, for Appellee.

PRESENT: ROGER J. MINER and JOSÉ A. CABRANES, Circuit Judges.*

## SUMMARY ORDER

Defendant-appellant Ricardo Andrades appeals from the June 15, 2007 judgment of conviction of the District Court. Following a guilty plea, defendant was convicted of illegal reentry in violation of 8 U.S.C. § 1326. Defendant was sentenced principally to a term of 70 months' incarceration. On appeal, defendant challenges his sentence as both procedurally and substantively unreasonable on the grounds that (1) the District Court adopted a criminal history calculation that overstated the seriousness of his previous offenses; (2) the sentence imposed was "too high" when compared to "criminal conduct much worse than [defendant's] act of returning to the United States"; and (3) the sentence violates the so-called parsimony clause of § 3553(a) in light of the existence of "fast-track" programs in other jurisdictions that were not available to him. We assume the parties' familiarity with the facts and procedural history of the case.

We review sentencing decisions for reasonableness, asking "whether the sentencing judge exceeded the bounds of allowable discretion, committed an error of law in the course of exercising discretion, or made a clearly erroneous finding of fact." *United States v. Fernandez,* 443 F.3d 19, 27 (2d Cir.2006) (alteration and internal quotation marks omitted).

We conclude that the sentence imposed was neither procedurally nor substantively unreasonable. The District Court considered the defendant's criminal history calculation under the Sentencing Guidelines and concluded that it "accurately reflects the nature and circumstances of the offense." The Court also explicitly considered each of the § 3553(a) factors, including the seriousness of the offense and the need to avoid sentencing disparities. We find no error in these conclusions.

For the reasons stated above, the judgment is **AFFIRMED.**